FILED
NOV X 1 2023
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. **4:23CR609-SEP/SRW** |
| ) | |
| v. ) | |
| ) | |
| SHAMARI D. LONG, ) | |
| ) | |
| Defendant. ) | |

### INDICTMENT

The Grand Jury charges:

### INTRODUCTION

1. At all relevant times, the defendant, Shamari D. Long ("the defendant"), was employed as a pharmacy technician at the Walgreens store located at 4218 Lindell Boulevard, in Saint Louis, Missouri 63108.

2. In her capacity as a pharmacy technician at Walgreens, the defendant assisted in filling orders for prescription drugs and dispensing them to patients.

3. Certain prescription drugs are defined by federal and state law as controlled substances. Controlled substances are drugs that have some potential for abuse or dependence. Controlled substances are placed into one of five schedules based on the potential for abuse and the severity of the effects if a person abuses the drug, with schedule I drugs having the highest potential for abuse or dependence and schedule V drugs having the lowest potential for abuse or dependence.

4. As relevant here, although schedule IV drugs have a lower potential for abuse than drugs in schedules I through III, they still may lead to physical or psychological dependence when

1

abused.   21 U.S.C. § 812(b)(4).   Alprazolam, also known by its brand name Xanax, is an example of a schedule IV drug.

5. During the relevant timeframe, prescription medications, including controlled substances, were stored in the Walgreens pharmacy area and available for pharmacy technicians to use to fill medication orders pursuant to valid prescriptions issued by authorized providers, such as a physician with a Drug Enforcement Administration ("DEA") registration.   In her capacity as a pharmacy technician employed by Walgreens, the defendant was often tasked with withdrawing prescribed medications, including controlled substances, from the manufacturers' containers and inputting the prescribed amount into vials for ultimate distribution to the patient.

6. On multiple occasions between on or about January 15, 2022, and October 5, 2022, the defendant purported to perform this task and, specifically, to fill prescription orders for alprazolam, a schedule IV controlled substance.   In actuality, on these occasions, there were no orders for alprazolam and the defendant utilized the filling process to obtain alprazolam for herself, which she at times attempted to conceal by covering the alprazolam that she misappropriated with pharmacy leaflets.

### COUNTS 1 AND 2

#### Obtaining Controlled Substances by Fraud
#### Title 21, United States Code, Section 843(a)(3)

7. The above allegations are incorporated by reference as if fully set out herein.

8. Between on or about January 15, 2022, and October 5, 2022, the defendant devised and executed a scheme to falsely and fraudulently withdraw and obtain controlled substance medications from the pharmacy at Walgreens where she worked as a pharmacy technician. Specifically, for her own uses and purposes, and without a legal prescription, on or about the below

dates, within the Eastern District of Missouri,

**SHAMARI D. LONG,**

the defendant herein, did knowingly and intentionally acquire and obtain possession of a controlled substance, to wit: alprazolam, a schedule IV controlled substance, in the below-indicated dosages and amounts, by misrepresentation, fraud, and deception:

| Count | Date | Drug | Schedule | Dosage | Amount |
|---|---|---|---|---|---|
| 1 | 10/2/2022 | Alprazolam | IV | 2 milligrams/tablet | 100 tablets |
| 2 | 10/5/2022 | Alprazolam | IV | 2 milligrams/tablet | 100 tablets |

All in violation of Title 21, United States Code, Section 843(a)(3).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. The allegations contained in Counts 1 and 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 843, the defendant, **SHAMARI D. LONG**, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

3. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense(s).

4. If any of the property described above, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                      A TRUE BILL.


_____
FOREPERSON


SAYLER A. FLEMING
United States Attorney


_____
AMY E. SESTRIC, #66219MO
Assistant United States Attorney

4